IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| VINCENT E. JUNE, JR.<br>1826 Eagle Court<br>Severn, Maryland 21144<br><br>    Plaintiff<br><br>v.<br><br>OFFICER E. THOMASSON, #1855<br>Anne Arundel County Police Department<br>8495 Veterans Highway<br>Millersville, Maryland 21108<br><br>Individually and in his Official Capacity,<br><br>    Defendant. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Vincent E. June, Jr., by and through his counsel, Wes P. Henderson and Henderson Law, LLC, and sues Defendant Officer E. Thomasson #1855, and respectfully states as follows:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Maryland against Officer E. Thomasson #1855. Venue is proper under 28 U.S.C. §1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in the Complaint concern events that occurred in Anne Arundel County, Maryland.

1

2. It is alleged that the individual police officer defendant made an unreasonable seizure of the person of Plaintiff Vincent E. June, Jr., thereby violating Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## PARTIES

3. Plaintiff, Vincent E. June, Jr., is, and was at all material times, an adult citizen of Maryland residing at 1826 Eagle Court, Severn, Maryland 21144.

4. At all times relevant to this Complaint, Defendant Officer E. Thomasson #1855 (hereinafter "Defendant" or "Defendant Thomasson") was a duly authorized agent, servant and/or employee of the Anne Arundel County Police Department working as a police officer. At all times relevant to this Complaint, Defendant Thomasson was acting within the course and scope of his employment as a member of the Anne Arundel County Police Department. Defendant Thomasson is being sued in both his individual capacity and his official capacity.

## FACTS

5. That Defendant Thomasson investigated an alleged assault on A.G.[1] which took place on or about August 30, 2011, at approximately 3:39 p.m.

6. That Defendant Thomasson interviewed the victim, A.G., as part of his investigation. A.G. did not identify the Plaintiff as one of his attackers. Rather, A.G. expressed that he knew Plaintiff in response to being shown a photograph of Plaintiff by Defendant Thomasson. A.G. knew Plaintiff prior to the alleged attack, which was why he was able to positively identify him in a photograph. A.G. never mentioned Plaintiff's name prior to being shown a photograph of Plaintiff by Defendant Thomasson.

---

[1] Upon information and belief, A.G. was a minor at the time of the alleged assault. Accordingly, as a precaution, Plaintiff is redacting the full name of A.G.

2

7. That T. J.[2], an individual that has admitted to fighting A.G., will testify that Plaintiff was not around or involved in the fight.

8. That Plaintiff could not have participated in the alleged assault upon A.G. as Plaintiff was working at the time of the alleged incident. That the uncontested evidence established that Plaintiff began work at approximately 1:00 p.m. on August 30, 2011 in Laurel, Maryland and concluded work at 4:00 p.m. in Baltimore, Maryland. The assault of A.G. took place in Severn, Maryland.

9. That the uncontested evidence establishes that Marquese Wallace, a co-worker with the Plaintiff on August 30, 2011, was with the Plaintiff during the entire 3-hour shift, and at the conclusion of work at 4:00 p.m., drove the Plaintiff to Arundel Mills Mall arriving between 4:20 p.m. and 4:30 p.m.

10. That the Plaintiff subsequently arrived home via public transportation, hours after the alleged incident occurred at approximately 3:39 p.m. Notwithstanding the availability of evidence establishing that Plaintiff was at work at the time of the alleged incident, Defendant Thomasson pursued a Statement of Charges against Plaintiff.

11. That Defendant Thomasson misled the Court in the Application for Statement of Charges into believing that A.G. positively identified Plaintiff as a suspect; rather, A.G. simply identified Plaintiff as someone he recognized from several photographs shown to him by Defendant Thomasson, as A.G. knew Plaintiff prior to the alleged assault. A.G. did not identify Plaintiff as someone that participated in the attack upon him. In fact, A.G. advised Defendant Thomasson that he knew Plaintiff prior to the alleged assault and they had never had any problems with one another.

12. That due to the falsities contained in the Application for Statement of Charges prepared by Defendant Thomasson, on or about September 15, 2011, an Arrest Warrant or Charging Document was issued for the arrest of Plaintiff, Vincent E. June, Jr., seeking charges against the Plaintiff for

---

[2] Like A.G., Plaintiff believes that T.J. was a minor at the time of the alleged incident. Accordingly, Plaintiff is redacting T.J.'s full name.

Assault in the 1st degree, Assault in the 2nd degree, Reckless Endangerment and Conspiracy, with respect to the alleged August 30th assault upon A.G.

13.    That at the time Defendant Thomasson completed the Application for Statement of Charges and presented to Plaintiff's residence, he did not have facts and circumstances within his knowledge, nor reasonably trustworthy information, that were sufficient to warrant a man of reasonable caution in the belief that Plaintiff had committed an offense.

14.    That upon the issuance of a warrant, Defendant Thomasson presented to Plaintiff's residence, handcuffed and arrested him on or about September 24, 2011, and committed him to Anne Arundel County Detention Center. Plaintiff remained committed at Anne Arundel County Detention Center until on or about November 29, 2011. Plaintiff followed his release from Anne Arundel County Detention Center with over six months of house arrest.

15.    That due to the false charges pursued against Plaintiff, he spent numerous weeks in prison at the Anne Arundel County Detention Center, over six (6) months on house arrest, and 40 hours of community service for a crime that he did not commit, and for which Defendant Thomasson at all times lacked probable cause to believe Plaintiff had committed any crime. The information available to Defendant Thomasson at the time of his Application for Statement of Charges provided no facts or circumstances that could provide the basis for his belief that Plaintiff had committed the crime. In fact, Defendant Thomasson does not identify any facts that were sufficient to warrant a man of reasonable caution that Plaintiff had committed an offense. Defendant Thomasson merely alleges Plaintiff is "another suspect" without any factual support demonstrating the basis for his conclusion. *See* Exhibit A[3]. Furthermore, the easily ascertainable and readily verifiable evidence available to Defendant

---

[3] All witness, suspect, and residential information contained within the Application for Statement of Charges has been redacted as it pertains to all individuals other than the Plaintiff, Vincent June, Jr.

4

Thomasson clearly indicated that the Plaintiff had committed no crime and was not even in the same county at the time the assault on A.G. took place.

16. On March 9, 2012, the State of Maryland entered a *nolle prosequi* in Vincent June's criminal case, which means the case was closed completely and cannot be reopened by the State of Maryland. Subsequent thereto, Plaintiff was permitted to return to work. However, by this time, there was no longer a position available to Plaintiff. Plaintiff would have been able to continue in his active employment, if he had not been wrongly arrested by Defendant Thomasson.

17. The Defendant clearly failed to act reasonably under the circumstances, as a cursory check with Plaintiff's employer would have established that he was working at the time of the alleged incident. An officer acting reasonably would not have arrested Plaintiff under these identical circumstances.

18. In this case, the Defendant had the ability to conduct an investigation and an opportunity verify Plaintiff's alibi. Here, the Defendant heard Plaintiff's version of the incident, ignored the fact that he was verifiably not in the same place, and came back to arrest him. There was no probable cause to arrest Plaintiff.

19. Defendant Thomasson was unable to identify facts or circumstances within his knowledge that were sufficient to warrant a belief that Plaintiff had committed an offense. Therefore, it was unjustifiable for the Defendant, as a reasonable officer, to conclude that Plaintiff violated any Maryland law at the time of his arrest. Notwithstanding, the Defendant seized the Plaintiff pursuant to legal process that was not supported by probable cause and, ultimately, the criminal proceeding associated therewith terminated in the Plaintiff's favor.

20. The Defendant acted with callous or reckless indifference to the constitutional rights of Plaintiff.

21. The Constitution did not permit Defendant, with reckless disregard for the truth, to make material misrepresentations or omissions to seek an arrest warrant that would otherwise be without probable cause.

22. As a result of Defendant's failure to perform his duties competently and thoroughly, Plaintiff was wrongly arrested and incarcerated. The Defendant's unsupportable conclusion regarding Plaintiff's presence at the scene of the alleged crime is not objectively reasonable.

23. To this day, it is unclear what information led Defendant Thomasson to include Plaintiff's picture in a photographic line up presented to A.G. The Application for Statement of Charges fails to indicate in what capacity A.G. identified Plaintiff. Upon information and belief, A.G. identified Plaintiff solely as someone he knew prior to the attack, not as a suspect.

24. The Defendant did not avail himself of readily available information that would have clarified matters to the point that criminal charges would have been flatly ruled out as factually unsupportable, such that the Defendant was clearly incompetent.

25. In addition to the loss of his employment, the Defendant, under the color of law, deprived Plaintiff of his constitutional rights and privileges. Namely, the Defendant violated Plaintiff's well-established constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of his person. In addition, Plaintiff sustained the following injuries and damages:

    a. Loss of his physical liberty;

    b. Emotional trauma and suffering, embarrassment and mental anguish;

    c. Economic loss due to the sums of money spent to hire an attorney for the spurious criminal charges maliciously advanced by Defendant Thomasson;

    d. Lost wages and loss of future earning potential; and

e. Economic losses due to the sums of money spent or that will be spent to alleviate the injuries that were inflicted by the Defendant.

26. The actions of Defendant Thomasson violated the following clearly established and well settled federal rights of Plaintiff June:

a. Freedom from the unreasonable seizure of his person; and

b. Freedom from being unlawfully detained in the absence of probable cause that Plaintiff committed any crime.

## COUNT I – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEEN AMENDMENTS

27. Plaintiff June hereby adopts and incorporates by reference paragraphs 1 through 26 as if fully restated herein.

28. At all times relevant to this Complaint, Plaintiff June had rights afforded to him by the Fourth and Fourteen Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, detained in an unreasonable manner; not to be deprived of his liberty without due process of law; and not to be summarily punished.

29. At no point did Defendant Thomasson establish probable cause to support the arrest of Plaintiff June because there were no facts or circumstances within Defendant Thomasson's knowledge that were sufficient to warrant a belief that Plaintiff June had committed the assault upon

30. At all times relevant herein, Defendant Thomasson was acting under the color of State and local law as a member of the Anne Arundel County Police Department. His conduct, therefore, triggers 42 U.S.C. 1983, and permits the Plaintiff to avail himself of the remedies found therein.

31. Defendant Thomasson's actions and omissions deprived Plaintiff of his clearly established and well-settled Constitutional rights.

32. Defendant Thomasson knowingly acted to deprive the Plaintiff of his Constitutional rights maliciously and with reckless disregard.

WHEREFORE, Plaintiff Vincent E. June, Jr. hereby requests that this Honorable Court:

(A) Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Thomasson;

(B) Award the Plaintiff punitive damages in an amount to be determined at trial against Defendant Thomasson;

(C) Award the Plaintiff reasonable attorneys' fees and costs incurred in pursuing this action, as provided under 42 U.S.C. 1983 and 42 U.S.C. 1988; and

(D) Award such other and further relief as this Court may deem appropriate.

Respectfully submitted:

**HENDERSON LAW, LLC**

/s/ Wes P. Henderson
Wes P. Henderson
2101 Defense Highway
Crofton, Maryland 21114
T: (410) 721-1979
F: (443) 458-0642
wph@hendersonlawllc.com

Attorney for Plaintiff
Vincent E. June, Jr.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury for all issues proper to be so tried.

Respectfully submitted:

**HENDERSON LAW, LLC**

*/s/ Wes P. Henderson*

Wes P. Henderson
2101 Defense Highway
Crofton, Maryland 21114
T: (410) 721-1979
F: (443) 458-0642
wph@hendersonlawllc.com

Attorney for Plaintiff
Vincent E. June, Jr.