IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| VINCENT E. JUNE, JR. | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No.: 1:14-cv-02450-GLR |
| | * | |
| OFFICER E. THOMASSON, #1855 | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING

Plaintiff, Vincent E. June, Jr., by and through his undersigned counsel, hereby files this Response in Opposition to Defendant's Motion for Summary Judgment and respectfully states as follows:

### I.    INTRODUCTION

This action arises from Officer Eric Thomasson's unlawful arrest and subsequent malicious prosecution of Plaintiff Vincent E. June, Jr.  Specifically, this action involves claims arising under 42 U.S.C. §§ 1983, 1985, and 1998 against Officer Eric Thomasson for his willful and reckless disregard for Plaintiff's Fourth Amendment rights.  Plaintiff's claims center on Defendant's failure to adequately and appropriately investigate an alleged assault committed upon Antonio Goodwin, and on Defendant's failure to properly include all relevant information on his warrant affidavit -- information that, if disclosed to the judicial officer, would not have resulted in Plaintiff's arrest, incarceration and subsequent prosecution.  Defendant, at the time a five-day rookie police officer, contends that his actions were completed with the requisite probable cause.  The Defendant is mistaken.

Defendant now moves for summary judgment on the basis that Plaintiff has not and cannot prove that Defendant lacked the requisite probable cause to submit the warrant affidavit to a judicial officer. To the contrary, Plaintiff can and will prove that Officer Thomasson not only failed to investigate Plaintiff's readily verifiable alibi, but further that the Defendant himself introduced Plaintiff's name into the investigation, not the victim. All parties agree that the victim of the assault, Antonio Goodwin, did not identify Plaintiff as being involved initially after the assault. Further, all parties acknowledge that Plaintiff was at work in a different county when the fight took place, yet he was arrested for alleged involvement in a matter he knew nothing about. Moreover, Plaintiff has developed a record of contradictions and inconsistencies in Defendant's own testimony that requires a credibility determination to be made by a finder of fact. Accordingly, a genuine dispute of material fact exists with respect to Plaintiff's claims and Defendant's actions, such that summary judgment is not proper.

## II.     STATEMENT OF FACTS

In the mid-afternoon of August 30, 2011, Antonio Goodwin was assaulted by unknown individuals. *See* 9.15.11 Statement of Charges, attached hereto as Exhibit A. A passerby happened to notice Mr. Goodwin being attacked by two individuals, and subsequently summoned police. *See* 9.15.11 Statement of Charges. Police responded, assisted Mr. Goodwin in seeking medical attention, and began their investigation. *Id.* The victim identified "Toot" (Taiwan Somerville) and Jamire Sykes as perpetrators of the assault. *Id.* at 2. Mr. Goodwin did not identify Plaintiff as being involved, never mentioned Plaintiff, and Plaintiff was not identified by any witness, suspect or third party. *See* 9.15.11 Statement of Charges, *see also* 3.20.15 Deposition of Defendant, at 25, 30, 38, 39, 51, 54, attached hereto as Exhibit B. Police ultimately arrested Somerville, Sykes and another suspect pursuant to their investigation, and for an unknown reason, began to believe that Plaintiff was involved. *See* 9.15.11

2

Statement of Charges.  At the time that this assault took place, Plaintiff was at work in Baltimore City and Laurel, Maryland, and was nowhere near the scene of the assault.  *See* 3.20.15 Deposition of Plaintiff at 11-12, 24, attached hereto as Exhibit C.

Defendant claims that Antonio Goodwin informed either himself or another officer, (Defendant's statements are contradictory), that Plaintiff was involved in the assault.  *See* Exhibit D, Defendant's 1.28.15 Answer to Plaintiff's Interrogatory No. 10; Exhibit E, Defendant's 5.26.15 Supplemental Answer to Plaintiff's Interrogatory No. 10. [1]  As a result of this information, Defendant alleges that he confirmed that Plaintiff lived nearby, but asked him no other questions.  *See* 9.15.11 Statement of Charges.  Plaintiff agrees that Defendant came to his home, but states that Defendant asked him his whereabouts during the time of the alleged assault.  *See* 3.20.15 Deposition of Plaintiff at 36-37. Plaintiff told Defendant on August 31, 2011, the day after the fight, that Plaintiff was at work at the time of the fight, a fact that was later proved.  *See* 3.20.15 Deposition of Plaintiff at 36; *see also* Plaintiff's 3.16.15 Answer to Defendant's Interrogatory No. 5, attached hereto as Exhibit F.  Defendant returned to Antonio Goodwin and conducted a photo-line up in an apparent effort to secure an identification of the Plaintiff.  *See* 9.15.11 Statement of Charges at 3.  According to Defendant, (though directly contradicted by Antonio Goodwin below), the photo-line was done without prejudice to Plaintiff.  *See* 6.23.15 Affidavit of Defendant at ¶7.  As a result of the alleged identification, Defendant filed a warrant affidavit seeking a warrant for Plaintiff's arrest.  *See* Exhibit A.  Defendant subsequently arrested Plaintiff for the assault of Antonio Goodwin.  *See* 3.20.15 Deposition of Defendant at 138-45.

Plaintiff spent numerous weeks in pre-trial detention before he was able to post bail, not to mention being confined to months of house arrest.  *See* 3.20.15 Deposition of Plaintiff at 61, 63.  When

---

[1] Plaintiff has omitted the portions of Defendant's Answers to Interrogatories not relevant to Plaintiff's argument, and instead has included on Defendant's Answer and Supplement to Interrogatory No. 10.

Plaintiff's trial date approached, Plaintiff was able to successfully assert his alibi defense, and the State of Maryland dismissed the charges *nolle prosequi*. *Id.* at 65.

### III.   MATERIAL   FACTS   IN   DISPUTE   RELEVANT   TO   DEFENDANT'S REQUESTED RELIEF

Plaintiff identifies the following material facts in dispute related to Defendant's motion for summary judgment:

1.      Whether Defendant possessed probable cause to file his warrant affidavit when seeking against Plaintiff.

2.      Whether Defendant omitted material facts from his warrant affidavit.

3.      Whether Defendant acted with malice or reckless disregard when filling his warrant affidavit.

4.      Whether Antonio Goodwin named "Vincent" as someone who was involved in the assault.

5.      Whether Antonio Goodwin made a statement of his own accord and without undue influence by the police.

6.      Whether, at the time Mr. Goodwin made his statement, he believed the Plaintiff participated in the attack upon his person.

7.      Whether Mr. Goodwin provided the name "Vincent" to the police as someone who was involved in the attack on his person because he thought he saw "Vincent".

8.      Whether Mr. Goodwin selected the photograph of the Plaintiff as one of his attackers.

9.      Whether Officer Thomasson filled out the application for statement of charges against the Plaintiff based on Mr. Goodwin's alleged statement identifying Vincent as one of his attackers and based on Mr. Goodwin's alleged selection of the Plaintiff out of a photographic array.

4

10.    Whether Plaintiff informed Defendant, during the conversation that undisputedly took place on August 31, 2011, that Plaintiff was at work during the assault.

## IV.    MATERIAL FACTS NOT IN DISPUTE SUPPORTIVE OF PLAINTIFF'S CLAIMS IN THIS LITIGATION

1.    Plaintiff was not involved in this assault of Antonino Goodwin that happened on August 30, 2011.

2.    Plaintiff was at work in Laurel, Maryland and Baltimore, Maryland, in the presence of his co-worker Marquese Wallace, at the time the assault of Goodwin took place.

3.    Antonio Goodwin identified Somerville and Sykes as having been involved in the assault when questioned by Defendant, but did not specifically identify Vincent June, Jr.

4.    Defendant went to Plaintiff's house the day after the assault.[2]

5.    Even though Defendant was given more than adequate time to answer Plaintiff's interrogatories, Defendant failed to answer important questions presented therein accurately, truthfully, and completely despite his representation that his answers were truthful.[3]

---

[2] Officer Thomasson claims in his motion that he simply went to Plaintiff's house to verify "that Plaintiff lived there." Defendant's Motion for Summary Judgment at 3. Plaintiff has consistently maintained that Defendant asked Plaintiff his whereabouts around the time of the assault, and that Plaintiff provided his verifiable alibi at that time on August 31, 2011. *See* 3.20.15 Deposition of Plaintiff at 36-37. Plaintiff believes that it is more likely than not that a trier of fact would agree with his version of that encounter and find it to be truthful as it comports with common sense and common experience. Given Defendant's evolving versions of the truth, his assertion that he would present at Plaintiff's home while investigating an assault, simply ask him if he lived there, and then not ask him where he was the day before seems entirely unbelievable and lacking in credibility.

[3] The day Defendant was deposed, he stated that important portions of this Answers to Interrogatories explaining his version of the events that led to Plaintiff's arrest were inaccurate and false. Defendant provided no reason why these answers were false, but instead proceeded to contradict himself through answers given in deposition. Plaintiff maintains that absent any opposition filed, Defendant has created a dispute as to material facts arising out of discrepancies in his Answers to Interrogatories and his deposition testimony that, standing alone, should preclude the entry of summary judgment.

6.     Plaintiff was imprisoned for almost a month, and subject to months of house arrest, for a crime he did not commit, and for a crime committed while he was working in another county, far from the scene of the assault.

## V.     APPLICABLE LEGAL STANDARD

A trial court should grant summary judgment only upon a showing of no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). When seeking summary judgment, the moving party bears the burden of asserting that a fact cannot be or is not genuinely disputed by the record.  Fed. R. Civ. P. 56(c).

The non-moving party is entitled to all reasonable inferences to be drawn in the light most favorable to it.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  A non-moving party is not required to assert evidence in a form that would be admissible at trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), but nonetheless must assert more than some "metaphysical doubt as to the material facts." *Scott*, 550 U.S. at 380.  All that is necessary to satisfy the requirement of a genuine dispute of fact "...is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Trial courts should act with caution when granting a motion for summary judgment, and indeed, should not grant a summary judgment when the better course would be to proceed to trial. *Id.*

## V.    ARGUMENT

Much like his improper influence upon Antonio Goodwin during his underlying investigation, Defendant Thomasson has employed similar measures in securing the purported "statement" of Antonio Goodwin utilized in support of his motion for summary judgment (*see* Exhibit 2 to Defendant's Motion for Summary Judgment).  Mr. Goodwin has attested to the fact that the purported "statement" was secured by an Anne Arundel County investigator.  In particular, Mr. Goodwin asserts that the investigator met with his mother outside his presence, never asked him any questions and simply gave him a piece of paper to sign.  Mr. Goodwin, having now reviewed the statement, retracts it and has provided an affidavit outlining the actual state of affairs, which clearly preclude the entry of summary judgment in this matter. *See* Antonio Goodwin's June 12, 2015 Affidavit at 4, attached as Exhibit G.

Accordingly, Defendant's motion must fail as he is impermissibly asking this Honorable Court to make credibility and factual determinations regarding the level of probable cause Defendant possessed when he instituted the legal process against Plaintiff.  At this stage, and for the purposes of this motion, the subjective level of probable cause Defendant possessed is irrelevant.  As more fully set forth below, Plaintiff, through an affidavit of the victim in the underlying matter, as well as the Defendant's multiple conflicting statements, has generated a genuine dispute as to material fact with respect to whether Defendant possessed probable cause.  Defendant has not met his burden of asserting that a material fact cannot genuinely be disputed. Fed. R. Civ. P. 56(c).  As such, Defendant's motion must be denied.

### A.    Plaintiff has sufficiently generated a dispute of evidence necessary to submit a claim for malicious prosecution to the fact-finder.

While Defendant correctly states the necessary requirements for Plaintiff to successfully allege a claim for malicious prosecution and essentially concedes that Plaintiff meets two of the three elements, Defendant is simply incorrect to state that Plaintiff cannot genuinely dispute Defendant's probable cause

to institute the legal process.   As this Honorable Court is aware, a search or seizure done without probable cause is unreasonable.   *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996).   To successfully maintain claim for malicious prosecution, the plaintiff must allege three elements: (1) the defendant seized the plaintiff, (2) pursuant to a legal process not supported by probable cause, and (3) that the criminal proceedings terminated in plaintiff's favor.   *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012).   Plaintiff must also assert that the defendant deliberately or with reckless disregard for the truth made material false statements in the warrant affidavit.   *Id.*   "Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of a statement's probable falsity…"   *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (2007) (internal quotations omitted).   An officer's omission of certain facts can amount to reckless disregard when the officer "fail[s] to inform the judicial officer of facts he [knows] would negate probable cause."   *Id.*   Assertions of negligence or innocent mistake do not suffice to warrant a constitutional violation.   *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

Further the false statements or omitted facts must be material and necessary to the judicial officer's finding of probable cause.   *Franks*, 438 U.S. at 155-56.   To determine whether a fact is material, the ruling court should insert or omit the fact at issue into the warrant affidavit to then determine whether the correct warrant affidavit would establish probable cause.   *Miller*, 475 F.3d at 628.   "If the corrected warrant affidavit establishes probable cause, no civil liability lies against the officer."   *Id.* (internal quotations omitted).

     1.   <u>Plaintiff's establishment of two (2) elements of his claim for malicious prosecution cannot reasonably be disputed.</u>

Plaintiff's evidence clearly establishes that (1) Defendant caused the Plaintiff to be arrested, and (3) that the related legal proceedings terminated in Plaintiff's favor.   Indeed, Defendant acknowledges

8

the evidence of these elements by failing to argue them in his motion, and by stating that "Plaintiff here might satisfy elements 1 and 3 of a malicious prosecution claim..." Defendant's Motion for Summary Judgment at 7. While the Defendant has apparently elected not to admit facts to this Honorable Court that he has already admitted during the course of this case, the evidence clearly establishes that Plaintiff meets elements 1 and 3 of a malicious prosecution claim. In fact, Defendant overlooks the fact that he admitted in paragraph nine of his Affidavit that he arrested the Plaintiff. *See* 6.23.15 Affidavit of Defendant at 2. Moreover, in Paragraph 16 of his Answer to Plaintiff's Complaint he "admits [that] the State of Maryland entered a *nolle prosequi* on March 9, 2012." While Defendant is his elusive in his motion (much like his investigation), there is no question, nor could there reasonably be, that Plaintiff has met his burden of establishing elements one and three of his claim for malicious prosecution. Consequently, Defendant has not met his burden of establishing that no genuine dispute of material fact exists with respect to two of the three elements at issue and, as such, is not entitled to the entry of judgment as a matter of law in terms of these two elements. F. R. Civ. P. 56.

2.     A genuine dispute of material fact exists regarding Defendant's actions during his investigation thereby creating a genuine dispute of material fact as to whether probable cause existed.

Defendant's entire argument for judgment as a matter of law relies on his self-serving affidavit, and on the April 1, 2015 affidavits of the underlying victim, Antonio Goodwin, and Mr. Goodwin's mother, Brenda Goodwin (who was not present at the time of the alleged assault). However, all of Defendant's supporting evidence is *directly contradicted* by an affidavit signed by Antonio Goodwin on June 12, 2015. Antonio Goodwin's June 12, 2015 Affidavit, (hereinafter the "Antonio Goodwin 6.12.15 Affidavit"), directly contradicts Defendant's self-serving testimony regarding the investigation of Plaintiff, and further directly attacks the credibility of the April 1, 2015 affidavits (hereinafter the "4.1.15 Affidavits", attached as Exhibit H).

9

As this Honorable Court is aware, Plaintiff has asserted that Defendant acted unreasonably and with reckless disregard during his investigation of the underlying assault. Plaintiff asserts that Antonio Goodwin did not identify Plaintiff as one of his attackers on his own accord, but was instead coerced and influenced to identify Plaintiff by Defendant. Antonio Goodwin 6.12.15 Affidavit at 3, 4. Defendant knew of, or recklessly disregarded, material information that, if known to the judicial officer, would not have resulted in a warrant for Plaintiff's arrest. *See* 3.20.15 Deposition of Plaintiff at 36-37. Defendant contradicts these allegations, primarily by stating in his affidavit that: "Mr. Goodwin made the statement by himself and was not told what to write by the police", and "Mr. Goodwin was not told by me or anyone else in our presence which photograph was the Plaintiff." 6.23.15 Affidavit of Defendant at 2.

Yet, as mentioned above, Defendant's statements are directly disputed by the victim himself in the 6.12.15 Affidavit, when Goodwin states that he never brought up Plaintiff's name in the conversations with police, but that police instead first brought up the Plaintiff." *See* Antonio Goodwin 6.12.15 Affidavit at 3. Further, Goodwin states that he did not believe that Plaintiff was involved in the underlying assault, but instead that police action led him to believe that Plaintiff was involved. *Id.* Regarding the photo line-up that Defendant, in part, based his warrant affidavit upon, Mr. Goodwin asserts "[t]he investigating officers began asking me about Vince prior to showing me a photo line-up with Vince in it", and "I signed my name next to the photograph of Vince June as the officer asked me if I generally recognized anyone, not if I recognized anyone involved in the assault." *Id.* Given the fact that Goodwin and Plaintiff live in the same neighborhood and are close in age, it is not shocking that Goodwin would recognize Plaintiff. *See* 3.20.15 Deposition of Plaintiff at 40-41. That, however, is not the same as assaulting someone.

The 6.12.15 Affidavit is still more damaging to Defendant's motion.  Exhibits 2 and 3 to Defendant's motion are affidavits apparently obtained by Defense Counsel or a County investigator from Mr. Goodwin and his mother on April 1, 2015.  However, Mr. Goodwin directly recants the 4.1.15 Affidavits in his 6.12.15 Affidavit by stating that he was not present when the "county investigator" was present, was not asked questions about the underlying matter, and was simply presented a paper to sign. *Id.* at 2.  Moreover, Mr. Goodwin states that he signed the papers without first reading them, and that the statements contained on the 4.1.15 Affidavit are not true.  *Id.*  Further, the 6.12.15 Affidavit directly attacks the credibility of the Brenda Goodwin 4.1.15 Affidavit when Mr. Goodwin states that "[m]y mother, Brenda Goodwin, did not witness the assault, and further did not witness much of my interaction with police after the assault."

Fourth Circuit case law is clear on this issue: a genuine factual dispute over information omitted by an officer requires a submission to the fact-finder to determine whether the officer's actions were malicious or made with reckless disregard.  *Miller*, 475 F.3d at 628-29.  In *Miller*, the Fourth Circuit reversed the defendant police officer's successful summary judgment motion in a § 1983 action against the police officer for willful omission of material information from the warrant affidavit, on the basis that a reasonable jury could have determined that the warrant affidavit may have contained misrepresentations/omissions made deliberately or with reckless disregard.  *Id.* at 629.  The police officer defendant failed to inform the warrant-issuing judicial officer of two critical pieces of information: (1) that he was unable to establish a reasonable link between the suspect's getaway vehicle and the plaintiff; and (2) that the actual suspect was described by witnesses as a white-male (the Plaintiff being African American).  *Id.* at 628.  As a result of the omissions, the Plaintiff was wrongfully arrested, and sued for his injuries for a Fourth Amendment violation.  *Id.*  Ruling that the Plaintiff had sufficiently

stated a case that should have been submitted to a jury, and that the officer's omissions were material, the Court stated that "[a]n investigation need not be perfect, but an officer who intentionally or recklessly puts lies before a magistrate, or hides facts from him, violates the Constitution unless the untainted facts themselves provide probable cause." *Id.* at 630-31.

Finally, a clear genuine dispute exists as to whether Defendant was informed of Plaintiff's alibi during the time of the assault. During his deposition, Defendant stated that he did not ask Plaintiff where he was during the time of the assault. 3.20.15 Deposition of Defendant at 83. This is directly contradicted by Plaintiff, who testified that he told police during the August 31, 2011 initial conversation that he was at work on the afternoon of August 30, 2011. 3.20.15 Deposition of Plaintiff at 36-37.

Taking Mr. Goodwin's statements, and giving Plaintiff the required benefit of the reasonable inferences drawn therefrom, *Harris*, 550 U.S. at 380, Plaintiff has created a genuine dispute of material fact as to whether Defendant's warrant affidavit was made with reckless disregard or malice. Accordingly, the next question that must be answered is whether the omitted information is material to the judicial officers finding of probable cause. *Franks*, 438 U.S. at 155-56.

3.     A genuine dispute of material fact exists as to whether Defendant would have obtained a warrant had Defendant not omitted information.

It is beyond reasonable dispute that, without Mr. Goodwin's alleged identification of Plaintiff, an arrest warrant never would have issued for Plaintiff. If the jury finds that Defendant Thomasson falsely misrepresented his dealings with Mr. Goodwin and that Mr. Goodwin never affirmatively identified Plaintiff as an attacker without coercion by the police, then there is no person that ever placed Plaintiff at the scene of the assault. And, in fact, the available evidence in this case establishes that Plaintiff was at work at the time of the assault (a fact communicated to Defendant Thomasson by Plaintiff).

Complaint at ¶¶ 8, 9; 3.20.15 Deposition of Plaintiff at 36-37.  While Defendant correctly asserts that probable cause "requires enough evidence to warrant a man of reasonable caution in the belief that an offense has been or is being committed," *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949), Defendant undermines his own arguments simply because a man of reasonable caution, having knowledge of Mr. Goodwin's omitted information, would have "entertained serious doubts as to the accuracy of the information [ ] reported."  *Miller*, 475 F.3d at 629, *quoting Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (internal quotations omitted).  Defendant's Application for Statement of Charges, *See* Defendant's Motion for Summary Judgement Exhibit 2, as it pertains to the Plaintiff, contains scant information for a judicial officer to rely upon.  In total, only two of six sentences support Defendant's probable cause:

1. "A. Goodwin also provided Officer Jackson and I the information on the location of Vincent, another suspect."
2. "I then presented another photographic line-up was presented to A. Goodwin, he was able to positively identify Vincent June."

*See* 9.15.11 Statement of Charges at 3.  Notwithstanding the inconsistencies contained within Defendant's multiple conflicting statements made throughout this litigation, these two assertions by Defendant do not, on their own, amount to probable cause when the information obtained through Antonio Goodwin's 6.12.15 Affidavit are inserted.  Rather, a full and complete disclosure by Defendant would have stated that Antonio Goodwin did not identify Plaintiff as a suspect directly, nor would he have, but for the police insistence upon asking Goodwin about Plaintiff, interjecting Plaintiff's name into this investigation without any prompting or suggestion from Goodwin himself.  Moreover, had Defendant asserted in his warrant affidavit that Mr. Goodwin only "signed [his] name next to the photograph of Vince June as the officer asked [him] if [he] generally recognized anyone, not if [he]

recognized anyone involved in the assault", Antonino Goodwin 6.12.15 Affidavit at 3, there would have been no basis for the issuance of a warrant for Plaintiff's arrest.

Perhaps most troubling, no other individual indicated to police that Plaintiff was at or near the scene of the underlying assault.  The actual eyewitness to the underlying assault, a Ms. Cassandra Yearwood, informed police in her written statement that only two individuals were assaulting Mr. Goodwin.  *See* 3.20.15 Deposition of Defendant at 38-39.  It is not clear from Defendant's multiple versions of his investigation whether Mr. Goodwin ever identified Plaintiff as being a suspect, and none of the defendants charged in the underlying matter identified the Plaintiff as being present during the assault.  *See* 3.20.15 Deposition Defendant at 25, 30, 38, 39, 51, 54.  Finally, as mentioned above, Plaintiff testified that he informed the Defendant that he was at work during the time of the alleged assault.

As in *Miller*, the foregoing information omitted by Defendant from his warrant affidavit would be material to the judicial officer's finding of probable cause, and a "corrected affidavit would not have provided probable cause, in light of all the evidence, to arrest plaintiff." *Miller*, 475  F.3d at 628, *quoting Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004) (internal quotations omitted.).  The missing information added to the warrant affidavit directly negates any reasonable suspicion that Plaintiff was involved in the assault on Mr. Goodwin.  A reasonable judicial officer, examining a complete and true narration of the underlying assault and investigation, would be left puzzled as to why police would be seeking to charge Plaintiff with a crime.  However, even if this Honorable Court is not wholly convinced that Mr. Goodwin's statements are material to the finding of probable cause, at this summary judgment stage, this Court "must take the facts in the light most favorable to the party asserting the injury, i.e. Plaintiff." *Miller*, 475 F.3d at 629-30.  Plaintiff has sufficiently alleged a

14

genuine dispute as to the level of probable cause Defendant possessed, and the better course in this matter would be to proceed to trial. *Anderson,* 477 U.S. at 255 (1986).  Defendant's Motion must be denied.

**B.   Defendant's multiple conflicting statements require a credibility determination by the fact-finder.**

Defendant essentially asks this Honorable Court to rule that his testimony regarding the investigation of Plaintiff is fact.  However, Defendant's self-serving testimony throughout this litigation contains numerous contradictions and factual inconsistencies such that his testimony must be submitted to a fact finder for a credibility determination.   "Credibility of conflicting testimony is not, on a summary judgment motion, an issue to be decided by the trial judge." *Solis v. Prince George's Cnty.,* 153 F. Supp. 2d 793, 801 (D. Md. 2001); *quoting Summerlin v. Edgar,* 809 F.2d 1034, 1039 (4th Cir.1987). *See also Shaw v. Stroud,* 13 F.3d 791, 804 (4th Cir.1994) ("[T]he credibility of a deposition is a question for the jury rather than an issue to be settled at the summary judgment stage.").

As this Honorable Court is aware, Defendant was deposed on or about March 20, 2015.  Prior to his deposition, Defendant submitted his Answers to Plaintiff's Interrogatories.  Said Answers were signed under oath by Defendant on or about January 28, 2015. *See* Exhibit D.  Moreover, Defendant testified during his deposition that he was college-educated, read and understood his purported answers, and understood he was signing them under the penalty of perjury. *See* 3.20.15 Deposition of Defendant at 49.  As such, Defendant cannot be said to have made any "mistake" concerning his answer to Plaintiff's Interrogatory.

In response to Plaintiff's Interrogatory No. 10, Defendant stated, in part:

> I traveled to AG's house to interview him.  I asked him to write down what happened to him and he made a written statement identifying Toot, (T.J.), and Vincent.  Officer DeLoatch then showed AG. a photo

> lineup with a picture of Tiawan Somerville who was known to have the
> street nickname of "Toot" and asked if he saw anyone associated with his
> assault.  He pointed to the picture of Tiawan Somerville and said, "That's
> him.  That's Toot."  He signed the photograph of Tiawan Somerville.  We
> returned to the station.

*See* Exhibit D.  Defendant testified similarly regarding the written statement at various points during his deposition, 3.20.15 Deposition of Defendant at 57-58, 102, as well as the at issue warrant affidavit filed on September 15, 2011.  In short, Defendant testified on three separate occasions, all under oath, that Antonio Goodwin personally provided the name "Vincent" to Defendant through a written statement.  A fair and logical reading of Defendant's Answer to Interrogatory also asserts that Defendant initially traveled to Antonio Goodwin's house with Officer DeLoatch, was present when Officer DeLoatch completed the photo lineup of Tiawan Somerville, and left Antonio Goodwin's home with Officer DeLoatch.  *See* Exhibit D.

However, during his deposition, Defendant contradicted his Answer to Interrogatory No. 10, and asserted that he was not present during the photo-lineup of Tiawan Somerville, and was not present when Officer DeLoatch was given the name "Vincent."  3.20.15 Deposition of Defendant at 48.  Obviously aware that his testimony was inconsistent, Defendant finally supplemented his Answer to Interrogatory No. 10 on May 26, 2015 – the final day of this litigation's discovery period.  This supplemented Answer to Plaintiff's Interrogatory No. 10 now states that Officer DeLoatch performed the photo-lineup of Tiawan Somerville alone.  *See* Exhibit E.  Even more puzzling is Defendant's removal from his Supplemental Answer of any mention of a written statement obtained directly by Defendant from Mr. Goodwin.  *Id.*  Instead, Defendant now asserts that Mr. Goodwin provided the name

"Vincent" to Officer DeLoatch.[4]  *Id.*  That statement is not admissible evidence, such that it cannot form the basis for summary judgment purposes.  Almost incredulously, even after the omission of the Antonio Goodwin statement from his narrative, Defendant still asserts Antonio Goodwin's statement as evidence for his Summary Judgment Motion.

Moreover, Defendant admits that Officer DeLoatch's supplemental report was not immediately provided to him, *See* 3.20.15 Deposition of Defendant at 44, even though Defendant relied on the supplemental report in his warrant affidavit.[5]  *See* Exhibit 9.15.11 Statement of Charges at 2-3.  When questioned regarding this inconsistency, Defendant admitted that he had placed information within his warrant affidavit not supported by or based upon his own personal knowledge, knowingly in direct contradiction to the affirmation required on the warrant affidavit itself.  *See* 3.20.15 Deposition of Defendant at 41-42.  When questioned about various violations of procedures and practices governing his investigation, Defendant acknowledged that he did not follow the applicable procedures regarding direct quotes in Mr. Goodwin's statement, *Id.* at 66, 120, and with the photo-lineup of the Plaintiff.  *Id.* at 104.

Defendant's counsel, when made aware of the inconsistencies of Defendant's testimony during Defendant's Deposition, attempted to assert that any alleged inconsistencies were the result of "the lawyers mistake" and that "the information supplied in the answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party's agents, representatives,

---

[4] Based upon the clearly inconsistent testimony by Defendant regarding the events of his investigation, as well as the affidavits obtained by Antonio Goodwin, Plaintiff believes that Defendant has realized that his investigation did indeed lack sufficient probable cause to seek charges against Plaintiff.  To combat this realized error, Defendant has apparently sought to change his story by providing yet another avenue of connecting Plaintiff to Antonio Goodwin.

[5] Officer DeLoatch, in his supplemental report, stated that he conducted the photo line-up of Taiwan Sommerville.  However, in his warrant affidavit, Defendant asserts that: "[u]pon release, A. Goodwin was presented with a photo lineup which he positively identified Tiawan 'Toot' Sommerville as one of the suspects."  *See* 9.15.11 Statement of Charges.  It is worth noting that Officer DeLoatch has not submitted an Affidavit attesting to any of these assertions or authenticating his report. Plaintiff asserts, therefore, that the information utilized by the Defendant is not admissible and is insufficient to support summary judgment.

attorneys and unless privileged, using information from the narratives and the police report." *See* 3.20.15 Deposition of Defendant at 48, 62.

Defense Counsels' assertions are immaterial.  As this Honorable Court is well aware, Federal Rule of Civil Procedure 33 requires interrogatories to be answered fully, under oath, and signed by the party making the answers. Fed. R. Civ. P. 33.  Defendant conclusively admitted the he was college-educated, read his answers to the interrogatories before he signed them, and that he fully understood them.  *See* 3.20.15 Deposition of Defendant at 47, 49.  Further, Defendant cannot assert that he was unaware of the "Officer DeLoatch" supplemental report at the time that he answered Plaintiff's interrogatories, as Defendant produced documentation regarding Office DeLoatch contemporaneously with his Answer to Interrogatories.  And, as a police officer, Defendant should fully appreciate providing testimony under oath.

Defendant has received multiple chances to provide his full and complete factual recitation of the underlying events, yet he has provided two different accounts of the events surrounding Mr. Goodwin's assault.  The net effect of these inconsistencies is that Plaintiff, this Court, and a reasonable juror, looking at all of the facts, testimony, and reasonable inferences, would not be able to sufficiently state when, if at all, Antonio Goodwin mentioned Plaintiff's name.  This alone precludes Defendant from summary judgment.

The persuasive value of Defendants inconsistent statements, as well as his seemingly endless omissions, are not properly evaluated by this court on this Motion.  Defendant's testimony must be examined by a jury, and only a jury can decide what, if anything, to credit Defendant's testimony.  At this stage, Plaintiff is entitled to the reasonable inference that juror would not credit Defendant's

testimony.  In light of the various credibility determinations at issue and the genuine disputes of material facts, the Defendant's Motion should be denied.

## **CONCLUSION**

Numerous genuine disputes of material fact exist between Defendant's inconsistent testimony, statements from the victim, and Plaintiff's own testimony.  Whether Plaintiff can ultimately persuade the fact finder of Defendant's malicious prosecution is not at issue at this summary judgment stage, for at this stage, this Honorable Court is not called upon to decide facts.  All that matters is that Plaintiff has asserted a genuine dispute as to the material facts necessary for his claims, which he has done.  Thus, Defendant's motion must be denied.

HENDERSON LAW, LLC


By:_____
Wes P. Henderson, Esq.
2140 Priest Bridge Court, Suite 6
Crofton, Maryland 21114
(T) 410.721.1979
(F) 410.721.2258
wph@hendersonlawllc.com

Attorney for Plaintiff
Vincent E. June, Jr.

Dated: July 10, 2015

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of July, 2015 a copy of the foregoing **Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Request for a Hearing** was sent via first-class mail, postage prepaid to:

Phillip E. Culpepper, Esq.
Jay H. Creech, Esq.
Anne Arundel County Office of Law
2660 Riva Road, 4th Floor
Annapolis, MD 21401

Counsel for Defendant

By:_____
Wes P. Henderson

## POINTS AND AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)

*Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)

*Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)

*Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)

*First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)

*Franks v. Delaware*, 438 U.S. 154, 171 (1978)

*Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (2007)

*Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004)

*Scott v. Harris*, 550 U.S. 372, 380 (2007)

*Shaw v. Stroud*, 13 F.3d 791, 804 (4th Cir.1994)

*Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 801 (D. Md. 2001)

*Summerlin v. Edgar*, 809 F.2d 1034, 1039 (4th Cir.1987)

*Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000)


F. R. Civ. P. 56.