IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCENT E. JUNE. JR.,        :

    Plaintiff,          :

v.                     :       Civil Action No. GLR-14-2450

OFFICER E. THOMASSON,    :

    Defendant.         :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant's, Officer Eric Thomasson, Motion for Summary Judgment (ECF No. 27) and Motion to Strike Exhibits Attached to Plaintiff's, Vincent E. June, Jr., Opposition to Motion for Summary Judgment (ECF No. 32), and June's Motion to Strike Inadmissible Evidence (ECF No. 29). June brings this 42 U.S.C. § 1983 (2012) action ("Section 1983 action") against Officer Thomasson, alleging malicious prosecution in violation of June's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure. Principally at issue is whether there is a genuine dispute that there was probable cause to arrest June.

The Court, having reviewed the Motions and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons that follow, the Court will deny June's Motion and grant Officer Thomasson's Motions.

On August 30, 2011, Officer Thomasson, then a newly-minted police officer with the Anne Arundel County Police Department, was on patrol investigating a traffic accident when he learned of an assault that occurred several blocks away. Officer Thomasson located the victim and identified him as Antonio Goodwin. At some point during his investigation of the assault, Officer Thomasson turned his attention to June. On September 15, 2011, Officer Thomasson filed an Application for Statement of Charges against June and then arrested him pursuant to a warrant on September 24, 2011. After June successfully asserted an alibi defense, the State dismissed the charges.

June brought a Section 1983 action against Officer Thomasson on July 31, 2014. (ECF No. 1). Officer Thomasson filed a Motion for Summary Judgment on June 23, 2015. (ECF No. 27). June then filed his Response in Opposition on July 10, 2015 (ECF No. 28), and Officer Thomasson filed his Reply on July 23, 2015 (ECF No. 31). Pursuant to the Court's October 21, 2015 Order granting leave, June filed a Surreply on October 28, 2015. June also filed a Motion to Strike Inadmissible Evidence on July 10, 2015 (ECF No. 29), and Officer Thomasson filed a Motion to Strike Exhibits Attached to Plaintiff's Opposition to Motion for Summary Judgment on July 23,

---

[1] Unless otherwise noted, the following facts are taken from the Complaint and the parties' briefings on the instant Motions, and are viewed in the light most favorable to the nonmoving party.

2015 (ECF No. 32); both Motions are opposed.  All Motions are ripe for disposition.

**DISCUSSION**

**A.    Analysis**

**1.    Motion for Summary Judgment**

**a.    Standard of Review**

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).  Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one

inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citing Barwick v. Celotex Corp., 736 F.2d 946, 963 (4th Cir. 1984)).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248.

### b.    Section 1983 Action For Malicious Prosecution

"A 'malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort.'" Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (quoting

4

Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000)). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Id. Although Officer Thomasson acknowledges that he arrested June and the State ultimately dismissed the charges against him, he argues he is entitled to judgment as a matter of law because there is no genuine dispute that there was probable cause for June's arrest. Before reviewing this argument, the Court must resolve the parties' Motions to Strike to determine which facts it may consider.

### i.   June's Motion to Strike

The Court will deny June's Motion to Strike because hearsay is admissible for determining whether there was probable cause to arrest June.

June moves to strike several statements in the affidavits of Officer Thomasson, Goodwin, and Goodwin's mother ("Mrs. Goodwin"), arguing they are inadmissible hearsay. "[T]o be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence." Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 535–36 (D.Md. 2007). Although hearsay is generally not admissible, see Fed.R.Evid. 802, it is admissible for the limited purpose of ascertaining whether there was probable cause for an arrest,

5

Richardson v. State of Md., 398 F.Supp. 425, 428 n.4 (D.Md. 1975).

Thus, because all the hearsay statements that June moves to strike

are relevant to whether there was probable cause to arrest June,

the Court will deny June's Motion to Strike.

### ii. Officer Thomasson's Motion to Strike

Officer Thomasson moves to strike June's Answer #5 in his

March 16, 2015 Answers to Interrogatories propounded by Officer

Thomasson ("Answer #5") and Goodwin's June 12, 2015 Affidavit

("Goodwin's Second Affidavit"). Officer Thomasson argues the Court

should strike Answer #5 because it is not based on personal

knowledge. Further, he contends the Court should strike Goodwin's

Second Affidavit for two independent reasons: (1) it is a sham; and

(2) Rule 37(c)(1) prevents June from relying on it.

### a. Answer #5

The Court will strike Answer #5 because it does not satisfy

Rule 56(c)(4)'s personal knowledge and competence requirements.

Rule 56(c)(4) provides that "[a]n affidavit or declaration

used to support or oppose a motion [for summary judgment] must be

made on personal knowledge, set out facts that would be admissible

in evidence, and show that the affiant or declarant is competent to

testify on the matters stated." A sworn statement is not based on

personal knowledge when the declarant does not state how he became

aware of the information asserted in the statement. See McLaughlin

v. Copeland, 435 F.Supp. 513, 520 (D.Md. 1977) (granting motion to

strike).  Additionally, a sworn statement "couched in terms of 'to the best of [one's] knowledge'" does not satisfy the competence element of Rule 56(c)(4).  <u>Id.</u>

In Answer #5, June explains that when his parents met with Mrs. Goodwin to discuss the assault, she said that the police told Goodwin that June participated in the assault and that when Goodwin identified June in a photo array, the police asked Goodwin to identify anyone with whom he was familiar.  (Pl.'s Resp. in Opp. to Def.'s Mot. Summ. J. Ex. F, at 5-6, ECF No. 28-6).  June, however, was incarcerated when his parents allegedly met with Mrs. Goodwin, (<u>id.</u> at 5), and he never explains how he became aware of the information that Mrs. Goodwin purportedly shared with his parents. June swore and affirmed that his Interrogatory Answers were true and correct "to the best of [his] knowledge, information and belief."  (<u>Id.</u> at 2). What is more, June stated that the information supplied in his answers "is <u>not</u> based solely on the knowledge of the executing party, but includes knowledge of [his] agents, representatives, and attorney." (<u>Id.</u> at 1) (emphasis added).

Accordingly, the Court finds Answer #5 does not satisfy the personal knowledge and competence requirements of Rule 56(c)(4) and will strike it.

### b. Goodwin's Second Affidavit

The Court will strike Goodwin's Second Affidavit because it is a sham and Rule 37(c)(1) prevents June from relying on it.

Pursuant to the sham affidavit doctrine, "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." Ervin v. JP Morgan Chase Bank NA, No. GLR-13-2080, 2014 WL 4052895, at *2 (D.Md. Aug. 13, 2014) (quoting Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999)). "Application of the sham affidavit rule at the summary judgment stage 'must be carefully limited to situations involving flat contradictions of material fact.'" Id. (quoting Zimmerman v. Novartis Pharm. Corp., 287 F.R.D. 357, 362 (D.Md. 2012)).

Officer Thomasson supports his Motion for Summary Judgment with Goodwin's April 1, 2015 Affidavit ("Goodwin's First Affidavit") in which he stated that: (1) a day or two after the assault, he prepared a written statement in which he identified June as one his attackers; (2) the police did not tell him what to write in the statement; (3) he picked June's photo out of an array when asked to identify someone who assaulted him; and (4) the police did not tell him which photo to pick. (First Goodwin Aff.

at 1-2, ECF No. 27-3).  June supports his Opposition with Goodwin's

June 12, 2015 Affidavit ("Goodwin's Second Affidavit"), which was

not disclosed to Officer Thomasson until June attached it to his

Opposition.  Goodwin's Second Affidavit completely contradicts

almost every factual assertion in his First Affidavit, including

the material fact of whether Goodwin identified June as one of his

attackers.  (See Second Goodwin Aff. at 2-4, ECF No. 28-7).

Because June did not explain these contradictions, the Court finds

Goodwin's Second Affidavit is a sham.[2]

Under Rule 26(e)(1)(A), a party is required to supplement or

correct its discovery responses in a timely manner when the party

learns its responses are incomplete or incorrect.  When a party

fails to do so, Rule 37(c)(1) prevents the party from using the

information that was not disclosed to supply evidence on a motion,

unless the failure was substantially justified or harmless.  When

determining  whether  a  failure  to  disclose  was  substantially

---

[2] Goodwin argues the sham affidavit doctrine should not apply
because Goodwin is a witness, not a party.  Even assuming, without
finding,  however,  the  sham  affidavit  doctrine  only  applies  to
parties,  June  contends  he  did  not  disclose  Goodwin's  Second
Affidavit until he filed his Opposition because it is protected by
the work product doctrine.  "Work product protection[, however,]
was intended to encompass documents prepared by a party or someone
acting on the party's behalf to aid that party in the litigation."
Collins v. Mullins, 170 F.R.D. 132, 137 (W.D.Va. 1996) (citing
Rickman v. Deere & Co., 154 F.R.D. 137, 138 (E.D.Va. 1993), aff'd,
36 F.3d 1093 (4th Cir. 1994)); see also Collins, 170 F.R.D. at 137
(concluding witness statements were not entitled to work product
protection).  As such, by asserting work product protection, June—a
party to this case—has essentially asserted he prepared Goodwin's
Second  Affidavit,  thereby  rendering  the  sham  affidavit  doctrine

justified or harmless, the Court is guided by a five-factor test: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (quoting Rambus, Inc. v. Infineon Techs. AG, 145 F.Supp.2d 721, 726 (E.D.Va. 2001)).

June failed to timely disclose Goodwin's June 12, 2015 Affidavit in violation of Rule 26(e). He waited until two weeks after the close of discovery to secure Goodwin's Second Affidavit, and he did not disclose it to Officer Thomasson until approximately a month and a half after the close of discovery. This failure was not substantially justified or harmless. First, because Officer Thomasson had no reason to believe Goodwin would contradict nearly all of the statements in his First Affidavit, Goodwin's Second Affidavit represents a complete surprise. Second, Officer Thomasson has no ability to cure that surprise by examining Goodwin regarding the contradictions because discovery has ended. Finally, Goodwin's affidavit statements are of paramount importance because they deal with a material fact—whether Goodwin identified June as one of his attackers. The Court, therefore, finds Rule 37(c)

---

applicable even under June's interpretation.

prevents June from relying on Goodwin's Second Affidavit.

Thus, because Goodwin's Second Affidavit is a sham and Rule 37(c) prevents June from relying on it, the Court will strike it.

### iii. It Is Undisputed That There Was Probable Cause For June's Arrest.

The Court will grant Officer Thomasson's Motion for Summary Judgment because it is undisputed that there was probable cause for June's arrest.

There is probable cause for an arrest when "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense."  Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 334 (4th Cir. 2009) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).  One such circumstance is when a victim identifies his attacker.  See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker.  Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself.") (internal citation omitted).  "[R]easonable law officers need not 'resolve every doubt about a suspect's guilt before probable cause is established.'"  Gomez v. Atkins, 296 F.3d 253, 262 (4th Cir.

2002) (quoting Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991)).  Furthermore, "[w]hile officers 'may not disregard readily available exculpatory evidence . . . the failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause.'"  Id. (quoting Wadkins v. Arnold, 214 F.3d 535, 541 (4th Cir. 2000)).

In his affidavit, Officer Thomasson stated that during his investigation, he learned from Officer Levar DeLoatch that Goodwin had identified "Vincent" as one of his attackers.  (Thomasson Aff. ¶ 5, ECF No. 27-2).  Officer Thomasson also stated that Goodwin prepared a written statement in which he identified "Vincent" as one of his attackers, Officer Michael Bembe told Officer Thomasson that "Vincent" might be "Vincent June," and Goodwin selected June's photo from an array when asked to identify one of his attackers. (Id. ¶¶ 5-7).  In another affidavit, Officer DeLoatch stated that Goodwin provided the name "Vincent" to him as someone who was involved in the assault and Officer DeLoatch relayed that information to Officer Thomasson.  (DeLoatch Aff. at 1, ECF No. 31-1).  Furthermore, in Mrs. Goodwin's affidavit and Goodwin's First Affidavit, they confirm that Goodwin gave June's name to the police and Goodwin picked June's photo out of an array when asked to identify one of his attackers.  (First Goodwin Aff. at 1-2); (Mrs. Goodwin Aff. at 1-2, ECF No. 27-4).

June argues that there is a genuine dispute that Goodwin identified June as one of his attackers because Officer Thomasson's Interrogatory Answers are inconsistent concerning whether he was present when Goodwin first stated that "Vincent" was involved in the assault. This argument fails because whether Officer Thomasson was present when Goodwin identified Vincent is not a material fact. Whether Officer Thomasson <u>learned</u> that Goodwin stated June was involved in the attack is material, and that fact is undisputed. Only genuine disputes of material fact will defeat summary judgment. See <u>Anderson</u>, 477 U.S. at 247–48. Furthermore, regardless of who was present when Goodwin said "Vincent" was involved, there is no dispute that Goodwin picked June out of a photo array when asked to identify one of his attackers.

June further argues Officer Thomasson's failure to investigate June's alibi constitutes a genuine dispute of material fact. This argument also fails because the Court finds it undisputed that Officer Thomasson did not know about June's alibi. June did not identify the two police officers to whom he purportedly provided his alibi on August 31, 2011. (June Dep. 36:14-37:6, Mar. 20, 2015, ECF No. 28-3). He testified that the officers never introduced themselves. (<u>Id.</u> 37:2-3). What is more, Officer Thomasson testified that he never learned that June had an alibi. (Thomasson Dep. 81:6-9, 82: 6-9, Mar. 20, 2015, ECF No. 28-2).

In sum, the undisputed material facts support probable cause

for June's arrest, and, thus, Officer Thomasson is entitled to judgment as a matter of law.[3]

## CONCLUSION

Based on the foregoing reasons, June's Motion to Strike Inadmissible Evidence (ECF No. 29) will be DENIED and Officer Thomasson's Motion to Strike Exhibits Attached to Plaintiff's Opposition to Motion for Summary Judgment (ECF No. 32) and Motion for Summary Judgment (ECF No. 27) will be GRANTED.  A separate Order follows.

Entered this 18th day of November, 2015

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge

---

[3] Officer Thomasson also argues he is entitled to judgment as a matter of law because he is protected by qualified immunity. This argument is not central, however, to his Motion for Summary Judgment—he only raises it in the final section of his Reply to Plaintiff's Opposition to Motion for Summary Judgment.  (ECF No. 31-1).  The Court finds Officer Thomasson would be entitled to qualified immunity because it is undisputed that there was probable cause for June's arrest, and, therefore, Officer's Thomasson's conduct did not violate June's constitutional rights. See Gomez, 296 F.3d at 261 (stating that the threshold question when evaluating a qualified immunity defense is whether the officer's conduct violated a constitutional right (citing Saucier v. Katz, 533 U.S. 194, 201 (2001))).